NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 14 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LUIS ALBERTO FIGUEROA RODRIGUEZ,<br><br>                    Petitioner,<br><br>  v.<br><br>WILLIAM BARR, Attorney General,<br><br>                    Respondent. | No.    18-71704<br><br>Agency No. A 045-123-742<br><br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 4, 2020[**]
Portland, Oregon

Before:  FERNANDEZ and PAEZ, Circuit Judges, and BURGESS,[***] District Judge.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

[***]    The Honorable Timothy M. Burgess, United States Chief District Judge for the District of Alaska, sitting by designation.

Luis Alberto Figueroa Rodriguez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from the Immigration Judge's ("IJ") denial of his application for asylum, withholding of removal, and Convention Against Torture ("CAT") relief. We have jurisdiction under 8 U.S.C. § 1252(a)(1). We deny the petition for review.

"We review denials of asylum, withholding of removal, and CAT relief for substantial evidence." *Ling Huang v. Holder*, 744 F.3d 1149, 1152 (9th Cir. 2014) (internal quotations omitted). "In order to reverse the BIA, we must determine 'that the evidence not only *supports* [a contrary] conclusion, but *compels* it—and also compels the further conclusion' that the petitioner meets the requisite standard for obtaining relief." *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014) (quoting *I.N.S. v. Elias–Zacarias*, 502 U.S. 478, 481 n. 1 (1992)) (emphasis in original). Where the BIA has reviewed and incorporated portions of the IJ's decision as its own, "we treat the incorporated parts of the IJ's decision as the BIA's." *Molina-Estrada v. I.N.S.*, 293 F.3d 1089, 1093 (9th Cir. 2002).

Figueroa seeks asylum because he fears persecution on account of his imputed membership in the proposed particular social group, "Mexicans assumed to be involved in the theft of Pemex fuel by corrupt Mexican officials and cartels." Figueroa left Mexico in March 2016, approximately four months after he was

shot in the leg while standing outside his employer's auto shop. The isolated incident occurred when unknown gunmen attacked a group of individuals in a restaurant next door to the auto shop and resulted in the murder of five people. The BIA determined that the shooting was related to revenge between two rival criminal groups and not because of Figueroa's imputed membership in a particular social group.

The BIA did not err in finding that Figueroa failed to establish membership in a cognizable particular social group. *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (observing that, in order to demonstrate membership in a particular social group, "[t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question.'" (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014))). The BIA properly found that Figueroa's proposed social group lacked distinction and was therefore not cognizable because the record contains no evidence that such persons are recognized as a particular social group that exists and is perceived as distinct within Mexican society. *See, e.g.*, *Henriquez-Rivas v. Holder*, 707 F.3d 1081, 1092–93 (9th Cir. 2013) (en banc). Substantial evidence supports the BIA's determination that Figueroa otherwise failed to demonstrate a nexus between the harm he experienced and a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016

(9th Cir. 2010) ("An [applicant]'s desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground."). Accordingly, Figueroa has not met his burden of establishing eligibility for asylum or withholding of removal. *Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Likewise, the BIA did not err in affirming the denial of CAT relief where Figueroa failed to show that it was more likely than not that he would be tortured by or with the consent or acquiescence of the government if returned to Mexico. Substantial evidence supports the determination that the gunmen were not Mexican government officials or other persons acting in an official capacity. For instance, Figueroa's initial interview and news accounts of the shooting incident do not mention police uniforms and describe the gunmen arriving in private vehicles. The evidence does not compel the conclusion that the unknown assailants were Mexican government officials or other persons acting in an official capacity. Figueroa's evidence of violence in Mexico is not particular to him and, therefore, is insufficient to meet the standard for CAT protection. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010). Moreover, the record demonstrates Figueroa safely relocated within Mexico on two separate occasions to avoid harm.

Finally, the record does not support Figueroa's contention that the BIA failed to consider all relevant evidence or otherwise erred in considering relief. Thus, the

BIA correctly concluded that Figueroa failed to establish eligibility for CAT relief.

The petition for review is **DENIED**.